SO ORDERED: March 15, 2016.



_____
James M. Carr
United States Bankruptcy Judge

# UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF INDIANA
### INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| RICHARD LEE BURGE, | ) | Case No. 14-05590-JMC-7 |
| | ) | |
| Debtor. | ) | |
| _____ | ) | |
| | ) | |
| INDIANA DEPARTMENT OF | ) | |
| WORKFORCE DEVELOPMENT, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Adversary Proceeding No. 14-50174 |
| | ) | |
| RICHARD BURGE, | ) | |
| | ) | |
| Defendant. | ) | |

### ORDER DENYING MOTION TO RECONSIDER
### FINDINGS OF FACT AND CONCLUSIONS OF LAW

THIS MATTER comes before the Court on the Motion to Reconsider Findings of Fact and Conclusions of Law filed by Indiana Department of Workforce Development ("DWD") on December 24, 2015 (Docket No. 43) (the "Motion"). The Court, having reviewed the Motion, the Findings of Fact and Conclusions of Law entered on December 16, 2015 (Docket No. 39), and

the Transcript of Trial (Docket No. 34) ("Transcript"), reconsidering the evidence taken at the trial held on August 19, 2015, and being otherwise duly advised, now **DENIES** the Motion.

DWD bore the burden to demonstrate by a preponderance of the evidence that an exception to discharge applied. *In re Cohen*, 507 F.3d 610, 613 (7th Cir. 2007) (*citing In re Morris*, 223 F.3d 548, 552 (7th Cir. 2000)). Typically, to prevail on a nondischargeability claim under the "false pretenses" or "false representation" theories, a creditor must prove all of the following elements: "(1) the debtor made a false representation or omission, (2) that the debtor (a) knew was false or made with reckless disregard for the truth and (b) was made with the intent to deceive, (3) upon which the creditor justifiably relied." *Ojeda v. Goldberg*, 599 F.3d 712, 716-17 (7th Cir. 2010). DWD did not carry its burden of proof with respect to this standard because it was unable to show that Burge had the requisite intent to deceive.

Alternatively, because the Court implicitly found an agency relationship to exist between Burge and Alvarado when it applied the standard of the recently decided case *Sullivan v. Glenn (In re Glenn)*, 782 F.3d 378 (7th Cir. 2015), DWD could have satisfied its burden of proof by showing that Burge either knew or should have known of Alvarado's fraud or that he was recklessly indifferent to her actions. *Id*. at 382. DWD did not satisfy that burden at trial and reconsideration of the facts and law does not yield a different result.

In *Sullivan*, the 7th Circuit applied the standard of *In re Walker*, 726 F.2d 452 (8th Cir. 1984). *Walker* holds that "[i]f the principal either knew or should have known of the agent's fraud, the agent's fraud will be imputed to the debtor-principal. When the principal is recklessly indifferent to his agent's acts, it can be inferred that the principal should have known of the fraud." *Walker*, 726 F.2d at 454. The *Walker* court also stated that the "debtor who abstains from all responsibility for his affairs cannot be held innocent for the fraud of his agent if, had he paid

minimal attention, he would have been alerted to the fraud." *Id*.

No evidence was presented that Burge was on notice that Alvarado was inherently untrustworthy or that she was defrauding him. Burge, acting as many people do in a romantic relationship, trusted and relied on Alvarado to manage his affairs. Until the end of their relationship, Burge had no reason to doubt that his bills were being paid, that his checks were being cashed or deposited in his bank account, and that his mail was being received and read. Only at the unexpected end of his relationship with Alvarado and only after the DWD investigation began did Burge discover that Alvarado had made fraudulent claims on his behalf and that his rent and truck payments were in arrears. DWD presented no evidence that it mailed regular statements of unemployment claims and no evidence that the DWD debit card servicing company provided regular statements to benefits recipients. Without such evidence, there is nothing in the record to show that Burge was alerted to the fact that there was fraud in his unemployment claims presented by Alvarado. Even if DWD were to assert that Burge should have taken a more proactive role in his own financial affairs, there was no evidence presented that Burge would have been able to detect Alvarado's fraud.

DWD did not carry its burden of proof to show that Burge should have discovered the fraud by paying reasonable attention to Alvarado's actions, like receiving and reviewing an account statement; the Court cannot expect Burge to be on constant elevated vigilance for fraud committed in his name when there is no evidence that he was provided with some indication that Alvarado was defrauding DWD.

Additionally, in response to some of the particular arguments made by DWD in the Motion, paragraph 4 under the Motion's Findings of Fact heading heavily emphasizes that Alvarado did not live with Burge prior to April of 2009 as evidence that he knew of claims being

made before that time. But Burge's testimony was that Alvarado helped him set up his DWD account by guiding him through the initial setup process and that she then handled all future claims because of his inexperience with computers and the ongoing daily stresses of his work. Transcript 52:20-54:21. The fact that she did not live with him until a few months after they created the account does not contradict or refute Burge's credible testimony. DWD also argues that Burge received his unemployment benefits debit card and that he acknowledged a weekly claim agreement, but DWD offered no evidence to contradict Burge's testimony that he did not recall receiving the benefits debit card and only saw the initial setup disclaimers. Transcript 54:3, 54:22-25, 55:20-56:2.

      Paragraph 6 of the Motion's Findings of Fact heading discusses Finding of Fact No. 13 stating that Burge had never made an unemployment insurance benefit claim prior to 2009. DWD points to trial exhibit 25 as proof that this is not a true statement because in a sworn statement dated May 10, 2011, Burge stated that it was not the first time he had filed unemployment benefits. But Burge's testimony at trial was that he "didn't have a need for any unemployment before 2009." Transcript 52:21-22. No clarification of these two statements was elicited at trial but Burge's testimony was clear and the Court infers that in answering in the statement of May 10, 2011, Burge was referring to the fact that he had made unemployment claims prior to the interview documented in trial exhibit 25.

      Paragraphs 5, 7, and 8 of the Motion's Findings of Fact heading, and some of the discussion under the Motion's Conclusion of Law heading review Burge's general power of attorney but conflate the concept of the underlying liability for the debt with the nondischargeability of the debt. They also raise the argument that the Court is bound by DWD's administrative order finding that Burge "knowingly failed to disclose or [falsify] material facts."

However, again, this conflates the concept of liability with nondischargeability. There is no dispute that Burge incurred the liability for the debt; only that the debt is nondischargeable pursuant to 11 U.S.C. §523(a)(2)(A). This Court is not bound by the determinations made in the administrative order because the legal standard for a determination of liability under state law is substantively different from the legal standard for a determination of nondischargeabiltiy under federal law.

For the foregoing reasons, the Motion is **DENIED**.

IT IS SO ORDERED.

# # #