**SO ORDERED: February 2, 2017.**



_____
James M. Carr
United States Bankruptcy Judge

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION**

| | |
|---|---|
| IN RE: ) | |
| ) | |
| RICHARD LEE BURGE, ) | Case No. 14-05590-JMC-7 |
| ) | |
| Debtor. ) | |
| _____) | |
| ) | |
| INDIANA DEPARTMENT OF ) | |
| WORKFORCE DEVELOPMENT, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Adversary Proceeding No. 14-50174 |
| ) | |
| RICHARD BURGE, ) | |
| ) | |
| Defendant. ) | |

**FURTHER FINDINGS OF FACT AND CONCLUSIONS OF LAW**

THIS MATTER comes before the Court on remand for further findings of fact from the United States District Court for the Southern District of Indiana pursuant to the *Appeal from the United States Bankruptcy Court* entered on November 21, 2016 in Case No. 1:16-cv-00706-RLY-DML. The District Court directed this Court to make five further findings of fact and, after

making such findings, to make a conclusion of law assessing whether Burge[1] should have known of Alvarado's fraud or was recklessly indifferent to her acts. With respect to each of the factual issues identified by the District Court, DWD bore the burden of proof at trial.[2] Therefore, in the absence of evidence regarding any such factual issue, the Court is compelled to make a finding adverse to the claim of DWD.[3]

The District Court did not vacate this Court's judgment, did not order a new trial,[4] and did not remand for further proceedings. Therefore, following a status conference on January 9, 2017 at which the parties appeared by counsel, were advised by the Court that the Court intends to rule on the matters remanded based upon the evidence produced at the Trial and concurred in this approach, the Court makes the following additional findings of fact and conclusion of law with respect to the following issues identified by the District Court:

(1) Whether Alvarado was (a) making purchases with the debit card directly, (b) withdrawing the funds at an ATM, and/or (c) transferring the funds into Burge's bank account.

PREVIOUS FINDING (¶ 24): " … Acting upon the advice of DWD's investigator, Burge cancelled the DWD debit card issued to him because it was still in use. Burge never

---

[1] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the *Findings of Fact and Conclusions of Law* entered on December 16, 2015 (Docket No. 39).

[2] "The burden of proof is on the objecting creditor to prove exceptions to discharge." *Goldberg Sec., Inc. v. Scarlata (In re Scarlata)*, 979 F.2d 521, 524 (7th Cir. 1992).

[3] *See Schaffer v. Weast*, 546 U.S. 49, 56, 126 S.Ct. 528, 534 (2005) (the "ordinary default rule" is that "plaintiffs bear the risk of failing to prove their claims") (citing 2 J. Strong, McCormick on Evidence § 337, at 412 (5th ed. 1999) ("The burdens of pleading and proof with regard to most facts have been and should be assigned to the plaintiff who generally seeks to change the present state of affairs and who therefore naturally should be expected to bear the risk of failure of proof or persuasion")).

[4] No party has requested a new trial and no basis for a new trial exists under Fed. R. Bankr. P. 9023. At the January 9, 2017 status conference, DWD's counsel conceded that no basis exists for conducting a new trial. The Court invited DWD to file a motion seeking a new trial if DWD concluded that any basis for a new trial exists; no such motion has been filed.

possessed the DWD debit card."

FURTHER FINDING:  There is no further or specific testimonial or documentary evidence in the record with regard to the use of the debit card, including whether Alvarado was making purchases with the debit card directly, withdrawing the funds at an ATM or transferring the funds into Burge's bank account.  Therefore, the Court cannot find that Alvarado was or was not making purchases with the debit card directly, withdrawing funds at an ATM or transferring funds into Burge's bank account.

(2) If Alvarado was transferring the funds into Burge's account, how the deposit was described on Burge's bank statement (i.e., was it described in a way that would make clear it came from DWD and not from the state of Washington).

FURTHER FINDING:  There is no testimonial or documentary evidence in the record that Alvarado transferred funds into Burge's account.  There is no testimonial or documentary evidence in the record regarding the content of Burge's bank statement(s).  Therefore, the Court cannot find that Alvarado transferred funds into Burge's account or that Burge's bank statements would have disclosed any such transfer.

(3) If Alvarado was transferring the funds into Burge's account, whether Burge would have discovered the fraud if he had conducted a reasonable review of his bank statements.

FURTHER FINDING:  There is no testimonial or documentary evidence in the record that Alvarado transferred funds into Burge's account or regarding the content of Burge's bank statement(s).  Therefore, the Court cannot find that Alvarado transferred funds into Burge's account or that Burge would have discovered Alvarado's fraud if he had conducted a reasonable review of his bank statements.

(4) Whether DWD sent a Form 1099-G to Burge in 2010 and 2011.

FURTHER FINDING: There is no testimonial or documentary evidence in the record regarding Form 1099-G and whether it was sent by DWD to Burge in 2010 or 2011. Therefore, the Court cannot find that DWD sent a Form 1099-G to Burge in 2010 or 2011 or that Burge had access to any such tax forms.

(5) If DWD did send the tax forms, whether Burge would have discovered the fraud if he had conducted a reasonable review of his own mail.

FURTHER FINDING: There is no testimonial or documentary evidence in the record regarding Form 1099-G and whether it was sent by DWD to Burge in 2010 or 2011. Therefore, the Court cannot find that DWD sent a Form 1099-G to Burge in 2010 or 2011, that Burge had access to any such tax forms or that Burge would have discovered Alvarado's fraud if he had conducted a reasonable review of his mail.

Based on the Court's previous findings of fact and the further findings of fact made above, the Court concludes that DWD did not sustain its burden to prove that Burge should have known of Alvarado's fraud or that Burge was recklessly indifferent to Alvarado's acts. Therefore, the Court's earlier judgment in favor of Burge and against DWD as to DWD's 11 U.S.C. § 523(a)(2)(A) claim remains in effect.

IT IS SO ORDERED.

# # #